UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------x

| | | |
|---|---|---|
| DEBRA REINHART, | : | Case No 2:13-cv-02103 |
| | | Civil Action |
| Plaintiff, | : | COMPLAINT and |
| | | JURY DEMAND |
| v. | : | |
| THE HOME DEPOT, INC.; CHRISTIAN CARDELFI, BRIAN SMITH and CHARLES JAMMAL, | | |
| | : | |
| Defendants | | |

---------------------------------------------------------------x

Plaintiff Debra Reinhart (hereinafter "Ms. Reinhart" or "Plaintiff"), complaining of the Defendants, says:

## NATURE OF THE ACTION

This is a civil action arising under Title VII, 42 USC 2000e, 29 USC 621 and under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("LAD") based on the egregious acts of sexual discrimination, sexual harassment, and retaliation experienced by Plaintiff Debra Reinhart while employed by Defendant Home Depot. This action seeks compensatory and punitive damages to remedy the deprivation of Plaintiff's rights as provided by New Jersey law.

## PARTIES

1. Plaintiff Debra Reinhart is, and at all times relevant herein a 49-year-old female who resides in Woodbridge, Middlesex County, New Jersey.

2. At all relevant times herein, Ms. Reinhart was employed by Home Depot in Woodbridge, New Jersey.

3. Ms. Reinhart filed a Charge of Discrimination with the EEOC in Newark, New Jersey against the Company within the applicable statutory period. She filed an Amended Charge of Discrimination on July 18, 2012. The EEOC issued a Right to Sue Letter on January 17, 2013. Plaintiff has brought this action within 90 days from the issuance of the Notice of Right to Sue by the EEOC.

4. Defendant The Home Depot, Inc., is the largest home improvement retailer in the United States. It operates stores in all 50 states, and is headquartered in Atlanta, Georgia. Home Depot's largest retail outlet in the country is based in New Jersey, and it operates in various locations in New Jersey. Approximately 200 employees work in the Woodbridge, New Jersey store location.

**FACTS COMMON TO ALL CAUSES OF ACTION**

5.. Ms. Reinhart was hired by Defendant Home Depot in February 2010 as a part-time Sales Associate in the Seasonal Department.

6. Prior to her employment at Home Depot, Ms. Reinhart earned a Bachelor's Degree and managed her own business for several years. Her academic credentials and prior work experience make her a highly qualified candidate for the Sales Associate position as well as any number of management positions at Home Depot.

7. Plaintiff performed her work in exemplary fashion throughout her

tenure at Home Depot. She also demonstrated her commitment to Defendant by working above and beyond what is required of her position. Ms. Reinhart trained and obtained certification to work in multiple Home Depot departments, including the Seasonal, Nursery, Hardware, Tool, and Paint Departments. She is also qualified to work as a Cashier. Plaintiff was selected to serve on a committee dedicated to improving store operations, received awards for positive feedback from customers, and hosted classes and clinics on a wide variety of topics.

8. Despite Plaintiff's stellar work performance, she has been denied at least five promotions to positions she was fully qualified to fill. Defendant systematically denied these promotions to Plaintiff in favor of younger males who lacked the requisite certification, and who otherwise had less skill, experience, education and overall qualifications than Ms. Reinhart.

9. In or about February, 2011, Ms. Reinhart applied for a promotion in the Seasonal Department where she had been working for more than one year. At the time this position became available, Plaintiff had consistently performed her duties in the Seasonal Department in an exemplary fashion. However, the job was filled by a 24-year-old male who was hired *after* Ms. Reinhart was hired and who had less experience than Ms. Reinhart.

10. In or about August, 2011, Ms. Reinhart applied for a position in the Tool Rental Department. Ms. Reinhart was certified to work in this department, and is knowledgeable about tools. Nonetheless, the job was filled by a 23-year-old male who had worked at Home Depot for less than nine months and had no previous experience working with tools.

11. At or about the same time in August, 2011, Plaintiff applied for a position in a branch of the Tool Rental Department. Ms. Reinhart was also certified to operate a fork-lift as part of her training when obtaining certification to work in the Tool Rental Department, enabling her to work in almost any position in this department. Plaintiff was also passed over for this position in favor of an inexperienced young male.

12. In or about December, 2011, Plaintiff sought a promotional opportunity in the Electrical Department. Plaintiff was qualified to work in this department because of her prior experience and the training she completed in her certification classes. She requested additional training and agreed to travel to South Plainfield, New Jersey for that purpose. Nonetheless, the position was filled by a 21-year-old inexperienced male.

13. In or about February, 2012, Plaintiff applied for a position in the Hardware Department. Plaintiff was previously certified in hardware and completely qualified for the promotion. However, the job was offered to a less competent male who had not been previously certified.

14. Also in February 2012, Plaintiff and two other women applied for the Seasonal Department Head position, which is a managerial position. Ms. Reinhart had worked in this department for over two years and was easily the most qualified employee for the position. However, in early March when candidates were still being interviewed for the position, a 23-year-old man who Ms. Reinhart herself had trained as a rookie Sales Associate was being introduced to vendors by the Assistant Store Manager as the "new" Seasonal

Department Head. This young man had in fact been discreetly training for the position as early as March 10. Management deliberately hid this fact from the three women.

15. Such instances of discrimination are not limited to Ms. Reinhart. Home Depot management disparages women store-wide with offensive and discriminatory comments and by limiting female employees to positions that it considers "women's" work. Such conduct was pervasive and created a hostile working environment. Examples of such behavior included, but was not limited to, the following:

a) When Plaintiff applied for positions in the Tool Rental Department in August 2011, she was informed that she was not considered because she was "not dependable" because she has "all those [six] kids," and because "women do not work in these jobs";

b) When Plaintiff applied in February 2012 for the Seasonal Department Head position, the Store Manager told another female applicant for the position that Ms. Reinhart would never be considered because "she has too many kids";

c) On a scorching day in June 2012—the temperature reached 100 degrees Fahrenheit—the Assistant Store Manager ordered Plaintiff to clean and sweep the greenhouse, where the temperature was approximately 110 degrees. The task was completely unnecessary and arbitrary. Plaintiff was told that she was to complete the task because "women clean better than men";

    d) On one occasion, a female Department Head (in a front-end "woman's" position), complained in tears that the Store Manager had refused to assign any employees to help her maintain the cashiering area, even though he had assigned extra employees to assist the male Department Heads. When asked why he did not assign additional employees to assist her, the Store Manager responded, "Well, this is why you have women on the front end, because it's their job to clean";

    e) On numerous occasions, the Assistant Store Manager openly told employees that he believes that decorating and arranging merchandise in the store are "women's tasks".

16. On March 19, 2012, Plaintiff lodged a formal complaint to Home Depot's Human Resources department in Atlanta about the failure of Home Depot to consider women for promotional opportunities, the hostile work environment at Home Depot, and discriminatory conduct towards female employees in general.

17. The Company, on both the corporate and the local level, failed to address her complaints. Instead of conducting a proper investigation, the Company sent the New Jersey Metro Regional Manager to Woodbridge to "retrain" certain members of management. This "retraining", which was purportedly in response to the complaints made by the women, was comprised of teaching the male managers how to better "write up" every conceivable infraction committed by an employee so that sufficient documentation exists to justify not

promoting an employee. No action was taken in response to Ms. Reinhart's claims of discrimination in pay and promotion.

18.     The Company also retaliated against Plaintiff for filing a Charge of Discrimination with the EEOC and for complaining about sexual discrimination and harassment. For instance, subsequent to her filing the EEOC Charge and making the complaint to Human Resources, Plaintiff was assigned a huge workload routinely distributed among all of the Sales Associates in the Seasonal Department, and placed under threat of disciplinary action if she did not complete every task by close of business. Furthermore, Plaintiff's personal locker was vandalized at work, and she suffered increased harassment and intimidation by her supervisors.

19.     Plaintiff has suffered anxiety and many symptoms of emotional distress as a consequence of the discriminatory treatment and pervasive harassment she has experienced at work.

### FIRST CAUSE OF ACTION
### THE NEW JERSEY LAW AGAINST DISCRIMINATION
### (Sexual Discrimination Against Employer, Section 12(a))

20.     At all times herein mentioned, New Jersey's Law Against Discrimination (hereinafter "LAD") 10:5-12 et seq., was in full force and effect and fully binding upon Defendant.

21.     Defendant and its supervisors, agents and employees engaged in unlawful discrimination all in violation of New Jersey's LAD, which prohibits

discrimination on the basis of sex in compensation or in terms, conditions, or privileges of employment.

22. By reason of Defendant's conduct as alleged herein, Plaintiff was unlawfully denied numerous promotions to positions for which she was qualified in favor of less qualified males. When Plaintiff reported the discriminatory treatment to Defendant and Defendant's supervisors, they failed to take any prompt or effective measures to stop the discriminatory treatment. Plaintiff is entitled to all legal remedies available against Defendant for violations of New Jersey's LAD.

23. As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and continues to suffer substantial losses in earnings and other employment benefits and has incurred other economic losses in an amount to be proven at time of trial.

24. As a further direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer emotional distress, humiliation, shame, despair, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

25. Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, in conscious disregard of Plaintiff's right to be free from discrimination on the basis of sex. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof at time of trial.

**SECOND CAUSE OF ACTION**

**THE NEW JERSEY LAW AGAINST DISCRIMINATION**
**(Hostile Work Environment, Section 12 (a) and (e))**

26.   Defendant engaged in unlawful discrimination on the basis of sex in violation of New Jersey's "LAD". Plaintiff was subjected to discriminatory treatment as set forth hereinabove, which included harassment and being forced to work in a hostile work environment. Neither Defendant nor any of Defendant's supervisors, agents, or employees took any reasonable or effective steps to prevent or correct the occurrence of any such discrimination and harassment. Plaintiff was subjected to abusive stunts by her male co-workers, with full knowledge of such conduct by her male supervisor, who condoned the discriminatory conduct.

27.   As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and continues to suffer substantial losses in earnings and other employment benefits and has incurred other economic losses in an amount to be proven at time of trial.

28.   As a further direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer emotional distress, humiliation, shame, despair, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

29.   Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, in conscious disregard of Plaintiff's right to be free from discrimination on the basis of sex. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof at time of trial.

## THIRD CAUSE OF ACTION
## THE NEW JERSEY LAW AGAINST DISCRIMINATION
### (Retaliation, Section 12 (d))

30. Plaintiff has been subjected to discrimination and retaliation after she complained about the hostile work environment, sexual discrimination, and other unlawful employment practices of Defendant, including the discriminatory treatment of Defendant Home Depot in its failure to promote Plaintiff.

31. Defendant's conduct is in further violation of New Jersey's LAD for retaliating against Plaintiff for opposing unlawful, discriminatory employment practices, including exercising her right to file an EEOC Complaint of Discrimination, and availing herself of the protections of New Jersey's LAD.

32. By reason of Defendant's retaliatory conduct as alleged hereinabove, Plaintiff was not offered a promotion, nor was she provided with increased compensation commensurate with a promotion.

33. As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and continues to suffer substantial losses in earnings and other employment benefits and has incurred other economic losses in an amount to be proven at time of trial.

34. As a further direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer emotional distress, humiliation, shame, despair, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

35. Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, in conscious disregard of Plaintiff's right to be free from discrimination on the basis of sex. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof at time of trial.

## FOURTH CAUSE OF ACTION

## (TITLE VII GENDER DISCRIMINATION)

36. At all times herein mentioned, New Jersey's Law Against Discrimination (hereinafter "LAD") 10:5-12 et seq., was in full force and effect and fully binding upon Defendant.

37. Defendant and its supervisors, agents and employees engaged in unlawful discrimination all in violation of New Jersey's LAD, which prohibits discrimination on the basis of sex in compensation or in terms, conditions, or privileges of employment.

38. .By reason of Defendant's conduct as alleged herein, Plaintiff was unlawfully denied numerous promotions to positions for which she was qualified in favor of less qualified males. When Plaintiff reported the discriminatory treatment to Defendant and Defendant's supervisors, they failed to take any prompt or effective measures to stop the discriminatory treatment. Plaintiff is entitled to all legal remedies available against Defendant for violations of New Jersey's LAD.

39. As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and continues to suffer substantial losses in earnings and other employment benefits and has incurred other economic losses in an amount to be proven at time of trial.

40. As a further direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer emotional distress, humiliation, shame, despair, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

41. Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, in conscious disregard of Plaintiff's right to be free from discrimination on the basis of sex. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof at time of trial.

## FIFTH CAUSE OF ACTION
## (TITLE VII HOSTILE ENVIRONMENT)

42. Defendant engaged in unlawful discrimination on the basis of sex in violation of New Jersey's "LAD". Plaintiff was subjected to discriminatory treatment as set forth hereinabove, which included harassment and being forced to work in a hostile work environment. Neither Defendant nor any of Defendant's supervisors, agents, or employees took any reasonable or effective steps to prevent or correct the occurrence of any such discrimination and harassment. Plaintiff was subjected to abusive stunts by her male co-workers, with full

knowledge of such conduct by her male supervisor, who condoned the discriminatory conduct.

43. As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and continues to suffer substantial losses in earnings and other employment benefits and has incurred other economic losses in an amount to be proven at time of trial.

44. As a further direct, foreseeable, and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer emotional distress, humiliation, shame, despair, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

45. Defendant committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, in conscious disregard of Plaintiff's right to be free from discrimination on the basis of sex. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof at time of trial.

## SIXTH CAUSE OF ACTION
## (RETALIATION, 42 USC 2000e)

46. Plaintiff has been subjected to discrimination and retaliation after she complained about the hostile work environment, sexual discrimination, and other unlawful employment practices of Defendant, including the discriminatory treatment of Defendant Home Depot in its failure to promote Plaintiff.

47. Defendant's conduct is in further violation of 42 USC 2000e(3) for retaliating against Plaintiff for opposing unlawful, discriminatory employment

practices, including exercising her right to file an EEOC Complaint of Discrimination, and availing herself of the protections of 42 USC 2000e. By reason of Defendant's retaliatory conduct as alleged hereinabove, Plaintiff was not offered a promotion, nor was she provided with increased compensation commensurate with a promotion.

## SEVENTH CAUSE OF ACTION

## (AGE DISCRIMINATION, 29 USC 621)

48. Plaintiff was consistently passed over for promotions in favor of younger employees.

49. The actions of Defendant were based, in whole or in part, on Plaintiff's age.

50. Such conduct was contrary to 29 USC 621.

## EIGHTH CAUSE OF ACTION

## (AGE DISCRIMINATION, LAD)

51. The actions of Defendant as aforesaid were based, in whole or in part part, on Plaintiff's age.

52. She was consistently passed over for promotion in favor of younger employees.

53. Such conduct was contrary to NJSA 10:5-1, et seq.

## NINTH CAUSE OF ACTION

### (PAY INEQUITY, 42 USC 2000e)

54. On information and belief plaintiff was paid at a different and lesser rate than males with the same skills, training and experience.

55. Such conduct was contrary to 42 USC 2000e.

## TENTH CAUSE OF ACTION

### (PAY INEQUITY, NJSA10:5-1, et seq)

56. On information and belief plaintiff was paid at a different and lesser rate than males with the same skills, training and experience.

57. Such conduct was contrary to NJSA 10:5-1, et seq.

## ELEVENTH CAUSE OF ACTION

### (AIDER and ABETTOR, NJSA 10:5-1, et seq)

58. Defendant Christian Cardelfi is the Assistant Store Manager at the Woodbridge Store, and refused Plaintiff the promotions she sought and instead gave the positions to younger males. Charles Jammal is Plaintiff's direct supervisor who harassed her and retaliated against her for her complaints by giving her burdensome chores. Brian Smith is also an Assistant Store Manager who made mysoginistic remarks and did, on information and belief, participate in the promotional decisions.

59.   The actions of Defendants Cardelfi, Smith and Jammal were discriminatory in intent and made them aiders and abettors within the meaning of the law .

## TWELFTH CAUSE OF ACTION

### (Retaliation, NJSA 10:5- 12 (d) and 42 USC 2000e)

60.   Plaintiff was out of work on disability from mid-2012 to the present arising from an injury that occurred at work.

61.   Plaintiff filed the within action on or about April 3, 2013 and advised Home Depot about the case very shortly thereafter.

62.   On or about May 7, 2013 Plaintiff was terminated.

63.   Plaintiff's termination was retaliatory for her complaints to the EEOC and to this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Debra Reinhart prays for judgment against Defendant The Home Depot, Inc., and requests the following relief:

Reinstatement to her position with full backpay and seniority rights.

For general and compensatory damages, in an amount not yet determined for losses resulting from humiliation, shame, embarrassment, mental anguish, and emotional distress, according to proof;

For damages for loss of past and future earnings, bonuses, retirement, and other employment benefits, according to proof;

For punitive damages, according to proof;

For reasonable attorneys' fees, costs, and expenses;

Prejudgment and post-judgment interest; and

Such other and further relief the Court considers just and proper.

Dated:     April    2013

_____
Lydia B Cotz LC 7098
Attorney for Plaintiff
47 S Franklin Turnpike
Ramsey, NJ 07446
201-327-0900

## JURY DEMAND

Plaintiff demands trial by jury on all issues.

Dated: April    2013

_____
Lydia B Cotz LC7098
Attorney for Plaintiff
47 S Franklin Turnpike
Ramsey, NJ 07446
201-327-0900

Case 2:13-cv-02103-SRC-CLW   Document 4   Filed 05/22/13   Page 18 of 19 PageID: 45